**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV11-09610 JAK (AGRx) | Date | January 31, 2012 |
|---|---|---|---|
| Title | Pro Value Properties, Inc. v. Amad Mohamadi, et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| Andrea Keifer | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (Dkt. 7) JS-6**

On December 6, 2011, Plaintiff filed a motion to remand the present Unlawful Detainer action to the Los Angeles County Superior Court (the "Motion"). The Motion is currently set for a hearing on February 6, 2012. The Court finds that this matter is appropriate for ruling without oral argument, pursuant to Local Rule 7-15 ("The Court may dispense with oral argument on any motion except where an oral hearing is required by statute, the F.R.Civ.P. or these Local Rules.").

Defendants failed to file any timely opposition to the Motion. This alone provides an independent basis for granting such motion. Local Rule 7-12 ("The failure to file any required paper, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion.").

Independent of this ground for remand, the Court finds that remand is required because this Court lacks subject matter jurisdiction over this matter. Thus, notwithstanding the assertion by Defendants in their Notice of Removal (Dkt. 1) that this action raises "federal questions," the complaint does not. Indeed, the Unlawful Detainer Complaint (Dkt. 1, Exh. A) does not contain a cause of action that raises a federal question, does not show a complete diversity of citizenship among the parties and does not show that the amount in controversy exceeds $75,000.

Plaintiff also seeks an award of attorney's fees pursuant to 28 U.S.C. § 1447(c), which provides, "An order remanding the case may require payment of just costs and any actual costs, including attorney's fees, incurred as a result of the removal." The Court notes that "Congress has unambiguously left the award of fees to the discretion of the district court." *Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 446 (9th Cir. 1992). Here, the Court declines to issue such an award. By addressing this matter without oral argument, the Court has saved time and expenses for the parties. In addition, the issues raised by the present Motion were not sufficiently complex to require a significant amount of attorney time. Finally, the Court has taken into account that Defendant is a self-represented party.

///

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | LA CV11-09610 JAK (AGRx) | Date | January 31, 2012 |
|---|---|---|---|
| Title | Pro Value Properties, Inc. v. Amad Mohamadi, et al. | | |

For the foregoing reasons, the Motion is GRANTED on the issue of remand and DENIED on the issue of attorney's fees. This matter is remanded to the Superior Court of California, County of Los Angeles, Van Nuys Courthouse, Case No. 11B05611.

**IT IS SO ORDERED.**

:

Initials of Preparer    ak